UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| TERRY D. KING, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:20-CV-126-PLR-HBG |
| | ) | | |
| BUDDY BRADSHAW, VAN SHAVER, TIM GUIDER, JIMMY DAVIS, JAKE KEENER, CORPORAL ANGI MARTIN, UNNAMED LOUDON COUNTY GOVERNMENT EMPLOYEES AND ADMINISTRATORS, and UNNAMED LOUDON COUNTY SHERIFF'S OFFICE EMPLOYEES AND ADMINISTRATORS, | ) ) ) ) ) ) ) ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM & ORDER**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 2].

**I.     MOTION TO PROCEED** ***IN FORMA PAUPERIS***

A review of Plaintiff's certified inmate trust account record demonstrates that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 2] will be **GRANTED**.

Because Plaintiff is an inmate at the Loudon County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average

monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. PLAINTIFF'S ALLEGATIONS

Plaintiff, a pretrial detainee housed at the Loudon County Jail, has requested "access to legal research" on multiple occasions in order to better assist his court-appointed attorney at Plaintiff's upcoming criminal trial [Doc. 1 p. 6-9]. Plaintiff maintains that his requests for access to legal research have been repeatedly denied, and that when he appealed these decisions through the jail's grievance process, he was advised on March 7, 2020, to write his attorney requesting the materials [*Id.*]. Plaintiff contends that on March 10, 2020, he requested to phone his attorney, but that the jail administrator, Jake Keener, merely responded to Plaintiff's request by supplying Plaintiff with an incorrect address for his counsel [*Id.*]. The following day, Plaintiff again requested that he be allowed to telephone his attorney and was denied permission to do so, even though Plaintiff advised officials that he only had an accurate telephone number and email address

for his counsel [*Id*.]. Plaintiff submitted a final grievance regarding the lack of access to legal materials and counsel to Defendant Keener on March 14, 2020 [*Id*. at 9]. In response, Defendant Keener advised Plaintiff that he had been informed of the correct procedures and warned Plaintiff against continuing to harass staff members [*Id*.].

Plaintiff maintains that he cannot be expected to send privileged legal mail "to an address in which my attorney does not practice law from" [*Id*. at 9]. He asks the Court to require Defendants to provide inmates with an adequate law library and to award him $100,000 in compensatory damages [*Id*. at 10].

B.      SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim,

however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. ANALYSIS

#### 1. Access to the courts

Under the First Amendment, prisoners have a limited constitutional right to access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 822 (1977). The primary focus of the right is access, however, not limitations placed on legal assistance. *See, e.g., Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) (rejecting claim that inmates are guaranteed certain amount of time in library). In fact, a prison law library is not a constitutional requirement; it is just one acceptable means of assuring that inmates have meaningful access to the courts. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds*, 430 U.S. at 830-32. Here, Plaintiff has access to the courts through court-appointed counsel. Therefore, the fact that Plaintiff has been denied an opportunity to conduct independent legal research does not raise a constitutional issue. *See Lamp v. Iowa*, 122 F.3d 1100, 1106 (8th Cir. 1997) (finding appointment of counsel by state satisfies burden of assuring access to the courts); *Meeks v. Cal. Dep't of Corrs.*, Nos. 91-56104, 91-55923, 1993 WL 330724, * 2 (9th Cir. Aug. 31, 1993) ("Inmates are entitled to either adequate law libraries or adequate assistance from persons trained in the law, but certainly not both.") (citing *Bounds*, 430 U.S. at 828).

Moreover, even if Plaintiff had demonstrated some infringement on his right to access the courts, he must nonetheless demonstrate that he suffered some prejudice as a result of the facility's refusals in order to state a viable claim. *See Lewis*, 518 U.S. at 354 (holding inmate claiming lack of access must demonstrate his prison officials impeded non-frivolous civil rights or criminal action); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation."). Plaintiff's complaint demonstrates that he has a court-appointed attorney and a trial date. He does not allege that he has lost the ability to defend himself against any pending charges. Therefore, he has not demonstrated that he has been prejudiced by the restrictions placed on his ability to conduct legal research. Accordingly, Plaintiff's claim for the denial of access to legal materials will be dismissed.

### 2. Access to counsel

The First and Sixth Amendments also afford an accused the right to "meaningful access" to his attorney. *See, e.g., McWright v. Gerald*, No. 03-70167, 2004 WL 768641, at *4, 6 (E.D. Mich. Mar. 26, 2004). However, this right does not require prison officials to provide access by any one particular means, or to provide that access on any particular schedule demanded by inmates. *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) (citing *Bounds*, 430 U.S. at 823). Accordingly, reasonable limitations on the method of contact with one's attorney do not establish a constitutional violation if other, adequate means of communication exist. *Massey v. Wheeler*, 221 F.3d 1030, 1036-37 (7th Cir. 2000).

Here, Plaintiff states that he was denied a telephone call to his attorney on two consecutive days [*See* Doc. 1 p. 8-9]. Such an allegation is insufficient to establish that Plaintiff was denied meaningful access to counsel, particularly where Plaintiff was repeatedly advised to write counsel

and request any desired legal materials. While Plaintiff makes a bare assertion that the address provided for his counsel is incorrect, there are no facts in the instant complaint to suggest why Plaintiff has reached that conclusion or whether he has ever attempted communication with counsel by mail. Moreover, Plaintiff maintains that he has counsel's email address, and he does not allege that he has requested and been denied permission to email his attorney. Therefore, the Court finds that Plaintiff's allegations are insufficient to state a claim that he has been denied meaningful access to counsel, and this claim will be denied.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

6